This civilian pay case is before the court on defendant’s motion and plaintiffs’ cross motion for summary judgment. There are no material facts in dispute and, after carefully reviewing the briefs, exhibits, and oral arguments presented, we grant judgment for defendant.
The present dispute arose out of a qualitative change made in May 1976 in a United States Army Development and Readiness Command (DARCOM) training program for *575 engineers. The plaintiffs had all signed agreements and entered into training under the program in 1975. When the plaintiffs entered the program in 1975, it consisted of a two-year training program which culminated in the receipt of an advanced engineering degree followed by a three-year employment commitment by participants to the agency involved. The training period consisted of two 1-year segments. The first year of training was largely conducted by Army instructors. During the second year training was conducted under contractor instructors from Texas A & M University and upon successful completion of the second year participants were awarded a Master in Engineering degree from Texas A & M University.
When plaintiffs were approximately half way through the training program, Congress determined that contractor-instructed programs such as the one plaintiffs were participating in were no longer necessary and eliminated funding for such programs from subsequent defense appropriations. As a result of the funding termination, DARCOM eliminated the Texas A & M instructors from its engineers training program, substituting in their place Army instructors. Of course, the change in instructors also resulted in the elimination of the right of successful participants in the training program to receive an advanced degree from Texas A & M University. DARCOM, recognizing that this major qualitative change in the engineers training program would cause dissatisfaction among current participants in the program, simultaneously offered current participants two options in addition to staying in the reconstituted training program: (1) participants could take a leave of absence so they could complete their advanced training at a recognized degree-awarding institution and then return to DARCOM or (2) participants could drop out of the program completely.
Plaintiffs contend that the agreements which they signed when they originally entered into DARCOM’s training program constituted binding contracts between themselves and the United States. They argue the primary consideration and inducement flowing to them under the agreements was the promise of an advanced education culminating in the receipt of an advanced engineering degree from a recognized degree-awarding institution. In return they *576 agreed to work for DARCOM for three years following the completion of the advanced training. When DARCOM terminated the advanced degree portion of the training program, plaintiffs contend DARCOM materially breached the agreements, damaging each of them in an amount exceeding $5,000.
Defendant contends that the agreements were not binding contracts of the United States and, further, that the pay and allowances of a federal employee are fixed by statute and not by contract. Alternatively, assuming arguendo that the agreements are contracts, defendant maintains the qualitative change made in the DARCOM training program in May 1976 was not a material breach of the contracts.
The general rule is, as defendant states, that the pay and allowances of a federal employee are statutory and not contractual. See United States v. Larionoff, 431 U.S. 864 (1977). This court has steadfastly followed this rule on numerous occasions. See Urbina v. United States, 192 Ct. Cl. 875, 428 F. 2d 1280 (1970); Hayman v. United States, 218 Ct. Cl. 729 (1978). Accordingly, we reject plaintiffs’ contention that the pay and allowances (educational benefits) of these plaintiffs were fixed by contract rather than under the statutory provisions, 5 U.S.C. § 4101 et seq. (1976), under which this type of training program is authorized and which make no provision for any right of the kind here asserted.
Assuming arguendo that the agreements involved herein are contracts, they did not by their own terms create a contract right to university training. Each one contained the following provisions:
It is understood that I will be provided such training, rotational assignments, and schooling as the Army Materiel Command may determine is necessary for my development in my career field.
I recognize that the Army Materiel Command may terminate this agreement at any time, by issuing a notice to that effect, for such reasons as changes in program requirements, inadequate performance, or misconduct on my part. * * * [Emphasis supplied.]
Under these provisions DARCOM retained the right to change or terminate the training program entirely in *577 accordance with the needs of the agency. Here DARCOM made a qualitative change in the program due to a cut in funding. Further, nothing appears in the written agreement that the plaintiffs signed which stated they would receive college credit for the training they would undergo under the program or that, upon successful completion of the training, they would receive an advanced degree in engineering from a recognized degree-granting institution. Plaintiffs urge that a change due to a cut in appropriated funding is not the same thing as a change in requirements; that DARCOM felt the training was needed. We think, in Government parlance, a cut in funding is to all intents the same as a cut in requirements; an unfunded want is not a requirement.
For the foregoing reasons, the court grants defendant’s motion for summary judgment, denies plaintiffs’ cross motion for summary judgment, and orders the petition dismissed.
Plaintiffs’ petition for certiorari denied, 444 U.S. 826 (1979).